## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-36-PLR-DCP |
| | ) | |
| JEREMY BECKNER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case came before the Court on March 13, 2019, for a preliminary hearing on a Petition

for Warrant for Offender under Supervision [Doc. 31] and a detention hearing to determine the

Defendant's release status pending his revocation hearing before District Judge Pamela L. Reeves.

Assistant United States Attorney Ray Barto Slabbekorn, Jr., appeared on behalf of the

Government.  Assistant Federal Defender Mary Margaret Kincaid represented the Defendant, who

was also present.  The Government asked the Court to detain the Defendant pending his revocation

hearing, arguing that he is both a danger to the community and a flight risk.

If a defendant charged with a violation of their supervised release is detained at the initial

appearance, the Court must promptly conduct a hearing to determine whether there is probable

cause to believe that a violation occurred, unless the hearing is waived.  Fed. R. Crim. P.

32.1(b)(1)(A).  Considering the testimony and arguments at the hearing, along with the record and

submitted exhibits, the Court finds **PROBABLE CAUSE** to believe that the Defendant has

violated the conditions of his release by committing state crimes, specifically felony fleeing to

elude arrest. These crimes, stemming from a vehicle stop on February 19, 2019,[1] have resulted in charges in Polk County, North Carolina. The Court bases this finding on the testimony of United States Probation Officer Joey Walker, the submitted exhibits, and the filed petition [Doc. 31]. Probation Officer Walker testified that he was responsible for supervising the Defendant during his period of supervised release, and on February 25, 2019, became aware of warrants filed against the Defendant in Polk County for charges of felony fleeing to elude arrest with a motor vehicle, as well as injury to real property.

Probation Officer Walker's testimony, together with the narrative statements from Sergeant Brian Atkins (Exhibit 1) and Sergeant Joshua Kujawa (Exhibit 2) of the Polk County Sheriff's Office, and the Incident Report (Exhibit 3), provide probable cause that the Defendant committed the state crimes at issue. First, Sgt. Atkins and Sgt. Cole Weicker initiated a traffic stop of a 2011 Jaguar on US Highway 74 West on February 19, 2019, due to the vehicle's license plate lights being out. After the vehicle pulled over, Sgt. Atkins noted that the vehicle stopped close to the fog line and that the driver kept the vehicle in drive with his foot on the brake. Sgt. Atkins then asked the driver for his driver's license and registration, and the driver was identified as the Defendant, Jeremy LeBron Beckner. Further, the vehicle was also registered to the Defendant. Sgt. Atkins then smelled a strong odor of marijuana coming from the vehicle and saw two black suitcases, which he believed could be used to transport marijuana, on the backseat. Sgt. Atkins, along with Sgt. Weicker, then asked the Defendant to step out of the vehicle. After the

---

[1] The Court notes a potential discrepancy in that the Warrant for the Defendant's arrest (Exhibit 4) is dated February 18, 2019, and that the Incident Report (Exhibit 3) also lists the date of the incident as February 18, 2019. However, Probation Office Walker testified that the date on the Incident Report was likely an error.

Defendant refused, Sgt. Atkins returned to his car to call for backup and told the Defendant that he was under arrest. Sgt. Kujawa arrived at the scene, and went to the driver's side of the vehicle where he identified the Defendant and attempted to grab the seatbelt from the Defendant. The Defendant then fled the scene at a high rate of speed, which resulted in a multi-county vehicle chase for approximately 60 miles, with speeds up to 120 miles per hour. The pursuit was ultimately terminated due to safety concerns for the motoring public. Probation Officer Walker further testified that the Polk County Sheriff's Office retained the Defendant's driver's license, which the officers received before the vehicle fled the scene. The Government also provided a picture of the Defendant's driver's license, which was still in the custody of the Polk County Sheriff's Office, as Exhibit 6.

The Defendant argued that although the Polk County Sheriff's Office retained his driver's license, the vehicle at issue was actually driven by another individual—Markeith Wright. Charles Brown, a criminal investigator for the Federal Defenders Service of East Tennessee, testified that he contacted Mr. Wright over the telephone on March 11, 2019, and that Mr. Wright stated that he was driving the Defendant's vehicle on February 19, 2019. Mr. Brown testified that Mr. Wright told him that he had permission to drive the Defendant's vehicle; that he gave the officers the Defendant's driver's license, which was already in the vehicle; and that he then fled the scene of the arrest. Mr. Brown then arranged a time to meet with Mr. Wright on March 12, 2019. However, when Mr. Brown met with him the next day, Mr. Wright stated that "they're lying on me," refused to sign an affidavit, and was subsequently served with a subpoena, but failed to appear at the March

13, 2019 hearing.[2]  The Defendant's fiancée, Lacy Price, also testified that Mr. Wright previously told her that he was driving the Defendant's vehicle on February 19, 2019, and further testified that Mr. Wright and the Defendant look similar and have been mistaken for each other before.

Probation Officer Walker testified that when he contacted Sgt. Atkins about the possibility that the Defendant was not driving his vehicle on February 19, 2019, and showed him the driver's license pictures for both the Defendant and Mr. Wright (Exhibit 6),[3] Sgt. Atkins gave an immediate response that the Defendant was the driver.  In his narrative statement (Exhibit 2), Sgt. Kujawa identified the Defendant's left bicep tattoo and gold teeth, as well as long black hair which was pulled back.  Accordingly, the Court finds that probable cause exists that the Defendant committed a violation of his condition of supervised release as set forth in the Petition.  Although the Defendant claims that Mr. Wright was driving his vehicle and points to the similarities between himself and Mr. Wright, Sgt. Atkins identified the Defendant as the driver of the vehicle. Additionally, the vehicle was registered to the Defendant, and the Polk County Sheriff's Office is in possession of the Defendant's driver's license after the attempted arrest.

With regard to detention, the Court typically orders pretrial detention of a defendant only if it finds no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any person or the community.  18 U.S.C. § 3142(e).  With respect to the release or detention of persons appearing for an alleged violation of probation or supervised

---

[2] At the conclusion of the hearing, Defendant proposed that the Court issue a material witness bond or hold its decision in abeyance until such time that Markeith Wright could be brought before the Court to testify.  The Court advised that it was not inclined to hold its decision in abeyance given that Defendant had requested the hearing with opportunity to cross-examine adverse witnesses and introduce evidence.

[3] The Defendant noted that the picture of the Defendant's driver's license in Exhibit 6 contains a notation in the upper right corner of "DUP," indicating that it is a duplicate license.

release, the Court shall order that the defendant be detained unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community if released. 18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1(6). The defendant bears the burden of showing that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(a)(6).

The Court has considered the factors set forth in 18 U.S.C. § 3142(g) and finds that they weigh in favor of detention. *See also United States v. Stone*, 608 F.3d 939 (6th Cir. 2010). The nature and circumstances of the offense for which the revocation of the Defendant's supervised release is sought involve a dangerous high-speed pursuit through several counties in an attempt to evade arrest. Ultimately, the Polk County Sheriff's Office was forced to abandon the chase due to the risk of danger to the public. Moreover, the Defendant is alleged to have refused to turn off and exit the vehicle, despite instructions from several officers and the display of a Taser. In his narrative statement, Sgt. Atkins indicated that he smelled marijuana and noticed several suitcases potentially used to store large amounts of contraband. Based upon the testimony and information presented in the exhibits, the Court also finds the weight of the evidence of the Defendant's dangerousness to be great. 18 U.S.C. § 3142(g)(2); *see Stone*, 608 F.3d at 948 (observing that factor (g)(2) "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt"); *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) (stating the second factor "is not relevant to whether probable cause has been established," as "[b]y its terms, it deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community").

The third factor focuses on the Defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3). The Court observes that the Defendant has a stable place to live with Ms. Price, has

worked during the period that he has been on supervised release, and has generally complied with the terms of his supervised release, with the exception of one positive drug screen for marijuana in 2017. However, the Defendant's previous supervision for an earlier federal conviction for conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and cocaine base was revoked, after the Defendant was found to have absconded. After the revocation of his supervision for the previous conviction, the Defendant admitted to his probation officer that he was selling cocaine. Additionally, the Court notes that the Defendant was on federal supervised release at the time he committed the alleged violations, a fact which supports detention. *See* 18 U.S.C. § 3142(g)(3)(B).

The final factor looks to the nature and seriousness of the danger that would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g)(4). The Court also finds this factor to weigh in favor of detention, given the nature of the alleged violations, as well as the Defendant's alleged attempt to evade arrest. Ultimately, the Court finds that the Defendant has not satisfied his burden to introduce clear and convincing evidence that he will not flee or pose a danger to the community. *See United States v. King*, No. 3:00-CR-103, 2010 WL 2219422, at *3 (E.D. Tenn. May 28, 2010) (ordering detention pending a hearing on the revocation of supervised release in part due to the defendant's pending charge of evading arrest).

The Defendant has failed to carry his burden of showing that he is not a danger to the community or a risk of flight. The Defendant has also failed to show that release on his prior conditions or any conditions would reasonably assure the safety of the community or prevent the risk of flight. Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the safety of the community or assure his appearance

before the Court, and therefore, the Defendant is **ORDERED DETAINED** pending his revocation hearing.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. The Parties are directed to contact the Chambers of United States District Judge Pamela L. Reeves to schedule a revocation hearing.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States District Judge